Michelle L. Visser (State Bar No. 277509)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
mvisser@orrick.com
(415) 773-5518

Attorney for Defendant Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. CALVIN TYRONE NORTON,<br><br>               Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., dba FACEBOOK,<br><br>               Defendant. | Case No. 26-cv-02914<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 10, 2026<br>Time: 10:00 a.m.<br>Courtroom: A, 15th Floor<br>Judge: Alex G. Tse |

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................... 1

II.    BACKGROUND ...................................................................................................... 2

    A.    Procedural History .......................................................................................... 2

    B.    Plaintiff's Allegations ..................................................................................... 3

III.   LEGAL STANDARD.............................................................................................. 4

IV.    ARGUMENT .......................................................................................................... 4

    A.    Plaintiff's Complaint Is Barred by Section 230(c)(1) of the Communications Decency Act................................................................................ 4

        1.    Meta Is an Interactive Computer Service Provider ................................... 5

        2.    The Content at Issue Was Provided by a Third Party, Not Meta............... 5

        3.    The Complaint Seeks to Hold Meta Liable for Its Purported Exercise of a Publisher's Traditional Editorial Function........................... 6

    B.    The Complaint Fails to State a Claim ................................................................ 7

        1.    The Complaint Fails to State a Claim for Defamation *Per Se* ................... 7

        2.    The Complaint Fails to State a Claim for "False Light Invasion of Privacy"............................................................................................... 8

        3.    The Complaint Fails to State a Claim for IIED ........................................ 9

        4.    The Complaint Fails to State a Claim for Tortious Interference with Contract or Prospective Economic Advantage ......................................... 10

        5.    Plaintiff is not entitled to a temporary restraining order or preliminary injunction against Meta ....................................................... 11

    C.    Plaintiff Should Not Be Granted Leave to Amend ............................................. 11

V.     CONCLUSION...................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AlterG, Inc. v. Boost Treadmills LLC*,
388 F. Supp. 3d 1133 (N.D. Cal. 2019) ................................................................................ 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................................. 4

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) ............................................................................................. 6, 7

*Berry v. Frazier*,
90 Cal. App. 5th 1258 (2023) ................................................................................................. 9

*Brittain v. Twitter, Inc.*,
No. 19-cv-00114, 2019 WL 2423375 (N.D. Cal. June 10, 2019) ......................................... 12

*Carlsen v. Koivumaki*,
227 Cal. App. 4th 879 (2014) ............................................................................................... 10

*Caraccioli v. Facebook, Inc.*,
167 F. Supp. 3d 1056 (N.D. Cal. 2016) .............................................................................. 8, 9

*Curtis v. Option One Mortg. Corp.*,
No. 09-cv-1982, 2010 WL 1729770 (E.D. Cal. Apr. 28, 2010) ........................................... 11

*De Havilland v. FX Networks, LLC*,
21 Cal. App. 5th 845 (2018) ................................................................................................... 8

*Doe (K.B.) v. Backpage.com, LLC*,
724 F. Supp. 3d 882 (N.D. Cal. 2024) .................................................................................... 6

*Doe v. MySpace, Inc.*,
528 F.3d 413 (5th Cir. 2008) ................................................................................................... 6

*Doe v. United States*,
58 F.3d 494 (9th Cir. 1995) ................................................................................................... 11

*Does 1-9 v. Murphy*,
No. 20-cv-00947, 2025 WL 2533961 (D.S.C. Sept. 3, 2025) ................................................ 6

*Dolin v. Facebook, Inc.*,
No. 18-cv-00950, 2018 WL 2047766 (N.D. Cal. May 2, 2018) ...................................... 10, 11

*Dyroff v. Ultimate Software Group, Inc.*,
934 F.3d 1093 (9th Cir. 2019) ............................................................................................. 6, 7

ii

*Fed. Agency of News LLC v. Facebook, Inc.*,
    432 F. Supp. 3d 1107 (N.D. Cal. 2020) ................................................................................. 5

*Glob. Plasma Sols., Inc. v. IEE Indoor Env't Eng'g*,
    600 F. Supp. 3d 1082 (N.D. Cal. 2021) ................................................................................. 7

*Hughes v. Pair*,
    46 Cal. 4th 1035 (2009) ......................................................................................................... 9

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)................................................................................................. 4

*King v. Facebook, Inc.*,
    572 F. Supp. 3d 776 (N.D. Cal. 2021) ............................................................................. 9, 11

*La'Tiejira v. Facebook, Inc.*,
    272 F. Supp. 3d 981 (S.D. Tex. 2017) ................................................................................... 7

*Lakireddy v. Soto-Vigil*,
    No. A138675, 2014 WL 1478693 (Cal. Ct. App. Apr. 16, 2014)........................................... 8

*Ligon v. Meta Platforms, Inc.*,
    No. 25-cv-3959, 2026 WL 1146091 (N.D. Cal. April 28, 2026)........................................ 5, 7

*Lima v. American Home Mortg. Servicing, Inc.*,
    2010 WL 144810 (N.D.Cal.2010)........................................................................................ 11

*Loomer v. Zuckerberg*,
    No. 22-cv-02646, 2023 WL 6464133 (N.D. Cal. Sept. 30, 2023) .......................................... 5

*M.P. by and through Pinckney v. Meta Platforms, Inc.*,
    127 F.4th 516 (4th Cir. 2025)................................................................................................. 6

*Matson v. Dvorak*,
    40 Cal. App. 4th 539 (1995)................................................................................................... 8

*Med. Marijuana, Inc. v. ProjectCBD.com*,
    6 Cal. App. 5th 602 (2016)..................................................................................................... 8

*Mishiyev v. Alphabet, Inc.*,
    444 F. Supp. 3d 1154 (N.D. Cal. 2020) ............................................................................... 10

*Murphy v. Twitter, Inc.*,
    60 Cal. App. 5th 12 (2021)..................................................................................................... 4

*Nayab v. Capital One Bank (USA), N.A.*,
    942 F.3d 480 (9th Cir. 2019).................................................................................................. 4

*Norton v. Turrentine, et al.*,
    No. 25-cv-00099 (N.D. Miss.) ........................................................................................... 2, 5

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT

*Norton v. Turrentine, et al.*,
No. CV25-033 .......................................................................................................................... 2

*Ogden v. Wells Fargo Bank, N.A.*,
2019 WL 6721583 (C.D. Cal. July 22, 2019) ........................................................................ 10

*Ogunsalu v. Sweetwater Union High Sch. Dist.*,
745 F. App'x 757 (9th Cir. 2018) .......................................................................................... 4

*Osmond v. EWAP, Inc.*,
153 Cal. App. 3d 842 (1984)................................................................................................... 8

*Patterson v. Meta Platforms, Inc.*,
239 N.Y.S.3d 726 (N.Y. App. Div. 2025) .............................................................................. 6

*Peak Health Ctr. v. Dorfman*,
No. 19-cv-04145-VKD (N.D. Cal. Nov. 12, 2019) ................................................................ 10

*Reaud v. Facebook Inc.*,
No. 23-cv-06329, 2024 WL 4126066 (N.D. Cal. Sep. 9, 2024) ............................................ 9

*United States v. Stratics Networks Inc.*,
721 F. Supp. 3d 1080 (S.D. Cal. 2024) .................................................................................. 7

*Yow v. Nat'l Enquirer, Inc.*,
550 F. Supp. 2d 1179 (E.D. Cal. 2008).................................................................................. 7

**Statutes**

47 U.S.C. § 230(c)(1) ....................................................................................................... *passim*

47 U.S.C. § 230(e)(3) .................................................................................................................. 4

47 U.S.C. § 230(f)(2) ................................................................................................................... 5

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT

## NOTICE OF MOTION AND RELIEF SOUGHT

PLEASE TAKE NOTICE that on July 10, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom A – 15th Floor of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Meta Platforms, Inc. ("Meta") will move to dismiss Plaintiff's Complaint (Dkt. 1). Meta seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing with prejudice all of Plaintiff's causes of action against Meta in their entirety. Plaintiff has failed to state a claim upon which relief can be granted for each cause of action.

The motion is based on this motion, the memorandum of points and authorities below, and the proposed order filed concurrently herewith.

Dated: May 11, 2026                                    By: */s/ Michelle L. Visser*
                                                           Michelle L. Visser

                                                           Attorney for *Defendant Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

*Pro se* Plaintiff Calvin Norton brings this action seeking to hold Meta liable for certain alleged Facebook posts made by third-party users unaffiliated with Meta. Specifically, Plaintiff alleges that four individuals made posts on Facebook, the online service that Meta owns and operates, that falsely accused Plaintiff of various criminal activity. Certain of these individuals also allegedly posted videos showing Plaintiff's "intimate parts" without his consent. The Complaint does not allege that Meta had any involvement in the creation of these posts. Instead, Plaintiff's claims against Meta are based on its alleged conduct in "recommend[ing]" and "amplify[ying]" the content through its "algorithm." Based on these bare allegations, Plaintiff seeks $10 million in damages as well as preliminary injunctive relief.

This is Plaintiff's second attempt at asserting claims against Meta arising out of these same alleged Facebook posts. Plaintiff has another action currently pending in the United States District Court for the Northern District of Mississippi, in which Plaintiff originally named Meta and the four individuals as defendants. The District Court dismissed Meta from that action for lack of personal jurisdiction while stressing that, even if it could exercise personal jurisdiction over Meta, Plaintiff's claims against Meta would be "clearly barred" by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1). Nevertheless, Plaintiff elected to refile his claims against Meta in this Court. As explained below, Plaintiff's claims against Meta fail and should be dismissed with prejudice.

*First*, as the District Court in Mississippi noted, Plaintiff's claims are barred by Section 230(c)(1) of the Communications Decency Act ("Section 230"). Section 230 bars claims against interactive computer service providers like Meta based on their exercise of a publisher's traditional editorial functions—such as deciding whether to publish or remove third-party content from their online services. Courts have repeatedly and consistently applied Section 230 to dismiss claims based on allegations substantively similar to those Plaintiff makes here.

*Second,* Plaintiff fails to state a claim under any of the asserted legal theories.  Plaintiff's claims for defamation and invasion of privacy fail because they are premised on the conduct of the

third-party users, not Meta, and Meta's mere operation of Facebook cannot save those claims from dismissal. Plaintiff's claim for intentional infliction of emotional distress ("IIED") fails because Plaintiff makes no plausible factual allegation that Meta intended to cause Plaintiff emotional injury. Plaintiff's claim for tortious interference with prospective economic advantage fails because the Complaint does not identify any specific, non-speculative economic relationships that were allegedly impaired by the Facebook posts.

Accordingly, the Complaint fails in its entirety and should be dismissed with prejudice.

## II.     BACKGROUND

### A.     Procedural History

On May 6, 2025, Plaintiff filed a complaint in the First Circuit Court of Lee County, Mississippi, asserting claims against Meta as well as four individual defendants. *See Norton v. Turrentine, et al.*, No. CV25-033. The claims against Meta and the individual defendants were based on allegations that certain of the individual defendants posted nude pictures of Plaintiff to Facebook without Plaintiff's consent and that other individual defendants made posts on Facebook containing false statements about Plaintiff.

On June 16, 2025, Meta removed Plaintiff's action to the United States District Court for the Northern District of Mississippi. *See Norton v. Turrentine, et al.*, No. 25-cv-00099 (N.D. Miss.) ("*Norton I*"), ECF No. 1. On June 23, 2025, Meta moved to dismiss the claims against it. *See Norton I*, ECF No 5. In support of its motion, Meta argued that the court in Mississippi lacked personal jurisdiction over Meta, that Plaintiff's claims against Meta were barred by Section 230 of the Communications Decency Act, and that Plaintiff's complaint failed to state a claim under any of its purported legal theories. *See Norton I*, ECF No. 6.

On March 10, 2026, the federal court in Mississippi granted Meta's motion to dismiss, holding that the court lacked personal jurisdiction over Meta. *See Norton I*, ECF No. 30. In so doing, the court also stressed that, even if it could exercise personal jurisdiction over Meta, "the Plaintiff's claims against Meta are clearly barred by [Section 230(c)(1) of the Communications Decency Act]." *Id.* at 7 n.1. As the court explained, "[g]iven that Meta is an interactive service provider, the content at issue was provided by someone other than Meta, and the Plaintiff seeks to

hold Meta liable for its purported exercise of a publisher's traditional editorial functions (deciding whether to publish, withdraw, postpone, or alter content), it is clear Section 230 serves to bar the Plaintiff's claims." *Id.*

### B. Plaintiff's Allegations

On March 31, 2026, Plaintiff filed a new action against Meta in this Court. Although Plaintiff's Complaint names only Meta as a defendant, its allegations are substantively similar to the allegations in his prior complaint and center on the purported acts of third parties not affiliated with Meta. Specifically, Plaintiff alleges that, in April 2025, one of the individual defendants from the Mississippi action, William McCray, "sold" via Facebook "intimate visual materials depicting intimate parts" of a third party named Cadarius D. Price. Compl. ¶ 11. In response, two of the other individual defendants from the Mississippi action, Harold Turrentine and Demario Jives, allegedly "sought retaliation" against McCray "by posting nude and implicit pictures online to Plaintiff through Facebook." *Id.* ¶ 12. Plaintiff then purportedly "posted a video" of himself at "the Atlanta Police Department to notify Georgia authorities of the online criminal offenses." *Id.* ¶ 13. Turrentine and Jives allegedly responded on Facebook by accusing Plaintiff of "felony crimes" involving drugs. *Id.* ¶ 14. Plaintiff further alleges that Turrentine then "lashed out" against Plaintiff in a video posted to Facebook accusing Plaintiff of having engaged in various thefts. *Id.* ¶ 15. Finally, the Complaint alleges that Turrentine posted another video to Facebook that purportedly disclosed Plaintiff's "intimate visual materials depicting intimate parts exposed to the public" and accused Plaintiff of acts of money laundering and theft. *Id.* ¶ 16.

The Complaint does not allege that any of the individuals who posted the content at issue were associated with Meta or that Meta had any role in creating the content. Instead, Plaintiff alleges that Meta "recommended the content through its algorithm, amplified the content to target audiences, monetized engagement from the defamatory material, and continued distribution after notice of falsity." Compl. ¶ 26. Based on these allegations, Plaintiff asserts claims against Meta for (i) defamation per se; (ii) "false light invasion of privacy"; (iii) intentional infliction of emotional distress; (iv) "algorithmic amplification liability"; (v) tortious interference with contract and

prospective economic advantage; and (vi) injunctive relief. The Complaint seeks $10 million in damages. Compl. ¶ 147.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 495-96 (9th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 496 (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, although factual allegations are to be construed as true, "[t]he court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (cleaned up). And while pleadings from *pro se* litigants are construed "liberally," a plaintiff proceeding *pro se* "must present factual allegations sufficient to state a plausible claim for relief." *Ogunsalu v. Sweetwater Union High Sch. Dist.*, 745 F. App'x 757, 758 (9th Cir. 2018) (citation omitted).

## IV.    ARGUMENT

### A.    Plaintiff's Complaint Is Barred by Section 230(c)(1) of the Communications Decency Act

Plaintiff's claims against Meta must be dismissed because they are barred in their entirety by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1). Section 230 states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230(e)(3) further provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3); *Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 17 (2021) (Section 230(c)(1) bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional "editorial functions"—such as deciding "whether to publish, withdraw, postpone or alter content").

- 4 -
DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT

Under Section 230(c)(1), a claim should be dismissed if (1) the defendant is a "provider . . . of an interactive computer service[;]" (2) the content at issue was "provided by another information content provider[;]" and (3) the plaintiff's claims treat the defendant as the "publisher or speaker" of that content. 47 U.S.C. § 230(c)(1). As the court in the Northern District of Mississippi found with respect to Plaintiff's previous, substantively similar complaint, "the Plaintiff's claims against Meta are clearly barred by 47 U.S.C. §230(c)(1)." *Norton I* at 7 n.1. Accordingly, this Court should dismiss the Complaint in its entirety and with prejudice.

### 1. Meta Is an Interactive Computer Service Provider

There is no question that Meta qualifies as an interactive computer service provider. Section 230 defines an interactive computer service provider as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Courts have uniformly held that Meta, which owns and operates online services like Facebook and Instagram, qualifies. *See, e.g.*, *Loomer v. Zuckerberg*, No. 22-cv-02646, 2023 WL 6464133, at *12 (N.D. Cal. Sept. 30, 2023) (Meta qualifies as an interactive computer service provider), *aff'd*, No. 23-3158, 2025 WL 927186 (9th Cir. Mar. 27, 2025); *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1117 (N.D. Cal. 2020) ("Facebook is unquestionably an interactive computer service"). Accordingly, the first Section 230 requirement is satisfied.

### 2. The Content at Issue Was Provided by a Third Party, Not Meta

Section 230's second requirement is also met because the Complaint alleges that the content underlying Plaintiff's claims was created and posted by third parties – namely the individuals named as defendants in Plaintiff's Mississippi action.

Plaintiff does not allege that Meta created, developed, or materially contributed to any part of the content posted to Facebook at issue in his claims. Instead, Plaintiff makes only the conclusory assertion that Meta "recommended the content through its algorithm, amplified the content to target audiences, monetized engagement from the defamatory material, and continued distribution after notice of falsity." Compl. ¶ 26. Courts across the country, however, have rejected similar attempts to circumvent Section 230. *See, e.g., Ligon v. Meta Platforms, Inc.*, No. 25-cv-3959, 2026 WL

1146091, at \*6 n.5 (N.D. Cal. April 28, 2026) (dismissing claims as barred by Section 230(c)(1) and stressing that Meta's "use of an algorithm to assist in its publishing functions does not take those actions outside the scope of its conduct as publisher so long as the algorithm is not assisting in the creation of content, which Plaintiff does not allege is the case here"); *Dyroff v. Ultimate Software Group, Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019) (plaintiff cannot "plead around Section 230 immunity by framing" website features, including "algorithms" as "content"); *Doe v. MySpace, Inc.*, 528 F.3d 413, 419-20 (5th Cir. 2008) (rejecting "disingenuous" and "artful pleading" where it "is quite obvious the underlying basis" for the asserted claims are third-party user-generated "postings"); *M.P. by and through Pinckney v. Meta Platforms, Inc.*, 127 F.4th 516, 521 (4th Cir. 2025) (barring claims that "attack the manner in which Facebook's algorithm sorts, arranges, and distributes third-party content"); *Doe (K.B.) v. Backpage.com, LLC*, 724 F. Supp. 3d 882, 885 (N.D. Cal. 2024) (holding that plaintiff "cannot plead around Section 230 immunity by framing her claim as one involving Meta's connection algorithms rather than the user-generated content that those algorithms facilitate") (internal quotation marks omitted); *Patterson v. Meta Platforms, Inc.*, 239 N.Y.S.3d 726, 732-33 (N.Y. App. Div. 2025) (allegations regarding use of content-recommendation algorithms did not deprive defendants of Section 230 protection); *Does 1-9 v. Murphy*, No. 20-cv-00947, 2025 WL 2533961, at \*22 (D.S.C. Sept. 3, 2025) ("a website 'does not cease to be a publisher' by 'us[ing] an algorithm' to 'increase[] consumer engagement'") (citation omitted).

Thus, because Plaintiff's claims are predicated on content allegedly posted on Facebook by third-party users, the second Section 230 requirement is met.

      3.    <u>The Complaint Seeks to Hold Meta Liable for Its Purported Exercise of a Publisher's Traditional Editorial Function</u>

Section 230's third requirement is met because each of Plaintiff's claims seek to treat Meta as a "publisher" of third-party content. Under Section 230, a plaintiff's claim treats a defendant as a "publisher" when it seeks to hold a service provider liable for its purported exercise of editorial functions—such as "deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009).

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT

Here, each of Plaintiff's claims arise out of Meta's alleged publication of Facebook posts by third parties. In particular, Plaintiff seeks to hold Meta liable for allegedly "publish[ing], republish[ing] distribut[ing], [] materially amplify[ing]" and "promoting" third-party posts that purportedly contained false information about Plaintiff or intimate images depicting him.  Compl. ¶¶ 31, 54, 73, 88, 114.  All of these allegations involve publishing activity under Section 230.  As courts have stressed, "[d]istribution of content is quintessential publishing activity." *United States v. Stratics Networks Inc.*, 721 F. Supp. 3d 1080, 1106 (S.D. Cal. 2024) (citing *Barnes*, 570 F.3d at 1102); *Ligon*, 2026 WL 1146091, at *7 ("The Ninth Circuit has consistently held that decisions to publish content, or not publish content, or revoke content from publication, are quintessential publishing functions for which interactive computer services cannot be held liable under section 230(c)(1)."); *see also La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 994 (S.D. Tex. 2017) (dismissing under Section 230 claims against "Facebook Defendants [] for decisions about the monitoring, screening, and deletion of user-generated content—specifically the allegedly defamatory message posted by [unrelated defendant]").  Alleged amplification and promotion of third-party content via algorithms is also a protected publishing function. *See Ligon*, 2026 WL 1146091, at *6 n.5; *Dyroff*, 934 F.3d at 1098.

Accordingly, the third Section 230 requirement is met.  Plaintiff's claims against Meta are, therefore, barred by Section 230(c)(1) and should be dismissed with prejudice.

**B.    The Complaint Fails to State a Claim**

Even if Plaintiff's claims were not barred by Section 230, each of his claims would still fail independently under Federal Rule of Civil Procedure 12(b)(6) because they do not and cannot state a viable claim for relief.

1.    The Complaint Fails to State a Claim for Defamation *Per Se*

Under California law, a defamation claim includes the following elements: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Glob. Plasma Sols., Inc. v. IEE Indoor Env't Eng'g*, 600 F. Supp. 3d 1082, 1095 (N.D. Cal. 2021) (internal quotation marks omitted). "A defamation per se claim is actionable without proof of special damages." *Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp. 2d 1179,

1183 (E.D. Cal. 2008).  However, only a defendant "who takes a responsible part in the publication is liable for the defamation."  *Matson v. Dvorak*, 40 Cal. App. 4th 539, 549 (1995).

Here, Plaintiff alleges that Meta is liable for defamation in connection with the Facebook posts by third parties that allegedly contained false statements about Plaintiff.  *See* Compl. ¶¶ 31-33. But this claim fails because Plaintiff does not allege that Meta played any active part, let alone a responsible part, in the publication of any allegedly defamatory statement. *See, e.g., Osmond v. EWAP, Inc.*, 153 Cal. App. 3d 842, 852 (1984) (one who merely plays a "secondary role in disseminating information published by another" without having "reason to believe it to be libel" did not take a responsible part in the allegedly defamatory publication). Indeed, "neither mere participation in an enterprise of which the publication was one part, nor mere distribution of a publication, nor mere financial contribution to a publication is sufficient." *Lakireddy v. Soto-Vigil*, No. A138675, 2014 WL 1478693, at *7 (Cal. Ct. App. Apr. 16, 2014) (internal citations omitted). Because the Complaint does not allege that Meta played any role in creating the purportedly defamatory content, or even that Meta reviewed the content prior to its publication, Plaintiff's claim for defamation fails.

### 2.     The Complaint Fails to State a Claim for "False Light Invasion of Privacy"

A "false light" cause of action "is in substance equivalent to a libel claim, and should meet the same requirements of [a] libel claim."  *Med. Marijuana, Inc. v. ProjectCBD.com*, 6 Cal. App. 5th 602, 615-16 (2016). Accordingly, to state a claim, a plaintiff must, at minimum, plead facts showing that the defendant (1) made a publication (2) that is false, defamatory, and has a natural tendency to injure the plaintiff. *See id.*; *see also De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 865 (2018).

Here, Plaintiff's invasion of privacy claim fails for the same reason as his defamation claim—i.e., he alleges that third-party actors, not Meta, published the content that allegedly violated his right of privacy.  While Plaintiff faults Meta for distributing and not removing the content, he nowhere alleges that Meta was responsible for posting it. This is fatal to his false light claim. *See, e.g., Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1065-66 (N.D. Cal. 2016) (dismissing false light claim where alleged sexually suggestive content was posted by a third party, not

Facebook), *aff'd*, 700 F. App'x 588 (9th Cir. 2017).

### 3.      The Complaint Fails to State a Claim for IIED

To state a claim for IIED, a plaintiff must allege that: "(1) defendant engaged in extreme and outrageous conduct (conduct so extreme as to exceed all bounds of decency in a civilized community) with the intent to cause, or with reckless disregard to the probability of causing, emotional distress; and (2) as a result, plaintiff suffered extreme or severe emotional distress." *Berry v. Frazier*, 90 Cal. App. 5th 1258, 1273 (2023). Here, Plaintiff alleges that Meta "knowingly distribut[ed] and amplif[ied] false criminal accusations against Plaintiff," and that it "promot[ed] non-consensual intimate images and videos depicting Plaintiff's exposed body," and "algorithmically target[ed] and push[ed]" this content to certain of Plaintiff's networks.  Compl. ¶ 73.  These allegations fall well short of stating a claim for IIED against Meta.

First, the Complaint does not make plausible factual allegations that Meta acted with any intent to cause him emotional distress. Under California law, an IIED claim requires that the defendant either "intended to inflict injury" or undertook conduct "with the realization that injury will result."  *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (citation omitted). Here, the FAC does not allege, other than in conclusory fashion, that Meta's purported "distribution" of the content at issue was done with any knowledge by Meta of the substance of the third-party posts, let alone with the intentional conduct that would plausibly demonstrate this element of the claim.  *See Reaud v. Facebook Inc.*, No. 23-cv-06329, 2024 WL 4126066, at *3 (N.D. Cal. Sep. 9, 2024) (dismissing IIED claim where the plaintiff "does not allege any facts establishing that Facebook acted with an intent to injure him or even with a realization that he would be injured, as is required to sustain an IIED claim"); *Caraccioli*, 167 F. Supp. 3d at 1064 (dismissing IIED claim where plaintiff failed to show Meta acted intentionally in declining to remove content posted to Facebook).

Second, the alleged conduct by Meta, even taken as true, would be neither extreme nor outrageous as a matter of law.  As explained above, to be "extreme and outrageous," a defendant's conduct must "exceed all bounds of decency" usually tolerated in "a civilized community."  *Berry*, 90 Cal. App. 5th at 1273. The only conduct alleged against Meta is that Meta permitted third parties to make Facebook posts that Plaintiff finds objectionable.  But such purported conduct falls well

short of the extreme and outrageous conduct necessary to state a claim for IIED. *See, e.g., King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 786 (N.D. Cal. 2021) (dismissing IIED claim where plaintiff alleged that Meta "publicly embarrassed and humiliated" him by disabling his Facebook account).[1]

Plaintiff's conclusory assertions are insufficient as a matter of law to state an IIED claim.

> 4. The Complaint Fails to State a Claim for Tortious Interference with Contract or Prospective Economic Advantage

To state a claim for tortious interference with a prospective economic advantage, a plaintiff must allege "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Dolin v. Facebook, Inc.*, No. 18-cv-00950, 2018 WL 2047766, at *3 (N.D. Cal. May 2, 2018) (citation omitted).

First, this claim fails because the Amended Complaint does not identify "a specific economic relationship between plaintiff and a third party." *Mishiyev v. Alphabet, Inc.*, 444 F. Supp. 3d 1154, 1161 (N.D. Cal. 2020) (dismissing claim for interference with prospective economic advantage). Instead, the Complaint alleges only that Plaintiff had certain, unspecified "contractual relationships and ongoing business expectancies," without identifying a single, specific economic relationship. Compl. ¶ 110. The Complaint also alleges that the posts by the third parties led to "withdrawal, hesitation, or refusal to engage with Plaintiff" by various unnamed "[i]ndustry partners, clients, and collaborators." Compl. ¶ 122. But "general allegations of loss of business opportunities with unidentified existing and potential" categories of persons are insufficient. *Peak Health Ctr. v. Dorfman*, No. 19-cv-04145, 2019 WL 5893188, at *10 (N.D. Cal. Nov. 12, 2019) (internal quotation marks omitted); *see also AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1151 (N.D. Cal. 2019) ("The law precludes recovery for overly speculative expectancies by

---

[1] Plaintiff's claim also fails because he cannot plead causation. *See Ogden v. Wells Fargo Bank, N.A.*, No. 15-cv-3410, 2019 WL 6721583, at *1 (C.D. Cal. July 22, 2019) (dismissing intentional infliction of emotional distress claim for lack of proximate causation); *Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 897 (2014) (same).

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT

initially requiring proof" that it is "reasonably probable that the prospective economic advantage would have been realized but for defendant's interference.") (citation omitted).

Plaintiff's claim fails for the additional reasons that the Complaint makes only conclusory allegations that Meta (i) knew of his purported economic opportunities and (ii) intentionally engaged in conduct to disrupt them. *See, e.g., Dolin*, 2018 WL 2047766, at *4 ("Plaintiff contends that because Facebook was aware of his shopping platform, it must have also known about his economic relationship with his 'users.' This type of speculative assertion, however, is insufficient to state a claim."). Accordingly, Plaintiff's claim for tortious interference should be dismissed with prejudice.

### 5. Plaintiff is not entitled to a temporary restraining order or preliminary injunction against Meta

The Complaint also purports to seek a temporary restraining order and preliminary injunction against Meta. But a temporary restraining order and a preliminary injunction are interim forms of relief and do not amount to standalone or independent causes of action. *See, e.g., Curtis v. Option One Mortg. Corp.*, No. 09-cv-1982, 2010 WL 1729770, at *8 (E.D. Cal. Apr. 28, 2010) ("[A]n injunction is a remedy to another claim or cause of action and not a claim or cause of action in and of itself."); *Lima v. American Home Mortg. Servicing, Inc.*, 2010 WL 144810 at *2 (N.D.Cal.2010) ("[A]n injunction is a remedy, not a cause of action."). Because Plaintiff fails to state a viable cause of action, the Court should dismiss Plaintiff's purported claims for preliminary injunctive relief.

### C. Plaintiff Should Not Be Granted Leave to Amend

The Court should not grant Plaintiff leave to amend, because any attempt to amend the Complaint would be futile. Leave to amend should be denied if "the pleading could not possibly be cured by the allegations of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995). Here, leave to amend would be inappropriate for two reasons. *First*, Plaintiff's claims will be barred by Section 230(c)(1) no matter what additional facts he pleads, which is why courts generally deny leave to amend when "there is CDA immunity." *King*, 572 F. Supp. 3d at 795 (dismissing claims barred by Section 230 with prejudice because "it would be futile for [Plaintiff] to try to amend the

claim[s]"); *Brittain v. Twitter, Inc.*, No. 19-cv-00114, 2019 WL 2423375, at *4 (N.D. Cal. June 10, 2019) (dismissing claims barred by Section 230 with prejudice "[b]ecause plaintiff cannot cure this defect"). *Second*, as established above, each of Plaintiff's claims suffers fatal deficiencies that she cannot overcome with further amendments.

## V.    CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court dismiss the Complaint with prejudice.

Dated: May 11, 2026

By: */s/ Michell L. Visser*
Michelle L. Visser
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
mvisser@orrick.com
(415) 773-5518

Attorney for *Defendant Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT