IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANSICO
Case No.26-CV-02914

**FILED**

MAY 22 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dr. Calvin Tyrone Norton          )
                                  )
          Plaintiff;              )
                                  )          **PLAINTIFF'S OPOSITION RESPONSE**
                                  )          **TO META PLATFORMS, INC. MOTION**
-VS-                              )          **TO DISMISS COMPLAINT**
                                  )
                                  )
Meta Platforms, Inc., (dba FACEBOOK)  )
                                  )
          Defendant;              )
                                  )
_____ )

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS

Plaintiff Dr. Calvin Tyrone Norton ("Plaintiff"), proceeding pro se, respectfully submits

this Memorandum of Law in Opposition to Defendant Meta Platforms, Inc.'s ("Meta") Motion to

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and Rule 12(b)(6), and states as

follows:

Defendant Meta Platforms, Inc. seeks a dismissal claiming that the Complaint

does not allege that Meta had any involvement in the creation of these posts. Instead, Plaintiff's

claims against Meta are based on its alleged conduct in "recommend[ing]" and "amplify[ying]"

the content through its "algorithm." Secondly, Plaintiff's claims against Meta would be "clearly

barred" by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

Third, The District Court of Mississippi dismissed Meta from that action for lack of

personal jurisdiction while stressing that, even if it could exercise personal jurisdiction over

Meta, Plaintiff's claims against Meta would be "clearly barred" by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

## I.    INTRODUCTION

Meta seeks dismissal by asserting that (1) Plaintiff's claims are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), (2) Meta merely hosted third-party content and had no involvement in the creation or development of the harmful publications; and (3) prior litigation in Mississippi purportedly determined that personal jurisdiction was lacking.

Meta's arguments fail because the Complaint alleges substantially more than passive publication. Plaintiff alleges that Meta knowingly amplified, promoted, recommended, monetized, and republished defamatory and harmful content after receiving actual notice and removal demands. Plaintiff further alleges that Meta's algorithmic system materially contributed to dissemination and visibility of the unlawful content.

At the pleading stage, these allegations are sufficient to survive dismissal under Federal Rule of Civil Procedure 12(b)(6), particularly under Ninth Circuit authority recognizing that Section 230 immunity is not absolute where the platform materially contributes to the unlawfulness of the content or where claims arise from the platform's own independent conduct. Moreover, California law independently supports jurisdiction and liability because Meta is headquartered in California, conducts substantial business in California, and the operational decisions regarding moderation, algorithms, monetization, and platform policies originate from California.

## II.    LEGAL STANDARD

Rule 12(b)(6) tests the legal sufficiency of the complaint. A complaint survives dismissal where it contains sufficient factual matter, accepted as true, to state a claim plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). All factual allegations must be construed in the light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89 (2007). Courts must liberally construe pleadings filed by pro se litigants. *Haines v. Kerner,* 404 U.S. 519 (1972).

Under California law, California's long-arm statute permits jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States. " *Cal. Code Civ. Proc. §* 410.10. Mississippi similarly authorizes jurisdiction over nonresident defendants committing tortious acts affecting Mississippi residents. Miss. Code Ann. § 13-3-57.

### III.    META IS NOT ENTITLED TO ABSOLUTE IMMUNITY UNDER SECTION 230

Meta incorrectly characterizes the Complaint as alleging only failure to remove third-party content. The Complaint alleges substantially more. Plaintiff alleges that Meta received actual notice of defamatory and harmful content, refused repeated removal requests, algorithmically amplified and recommended harmful publications, monetized engagement generated from the harmful content, materially contributed to dissemination and visibility, targeted users through recommendation systems, continued republication after notice, and participated in independent wrongful conduct separate from mere hosting. These allegations implicate Meta's own conduct rather than merely third-party speech.

Section 230 immunity does not apply where a platform materially contributes to the alleged unlawfulness of content. 47 U.S.C. § 230(f)(3) defines an "information content provider" as any entity "responsible, in whole or in part, for the creation or development" of information.

The Ninth Circuit held that a platform loses immunity where it materially contributes to the unlawfulness of content. *Fair House. Council of San Fernando Valley v. Roommates.com, LLC,* 521 F.3d 1157 (9th Cir. 2008). Similarly, in *Lemmon v. Snap, Inc.,* 995 F.3d 1085 (9th Cir. 2021), the Ninth Circuit held that Section 230 did not bar claims challenging negligent product design rather than publication of third-party speech.

Likewise, in *Barnes v. Yahoo!, Inc.,* 570 F.3d 1096 (9th Cir. 2009), the Ninth Circuit recognized that Section 230 does not automatically bar claims arising from a platform's own promises or independent conduct. Here, Plaintiff challenges Meta's independent conduct, including algorithmic amplification, recommendation systems, monetization mechanisms, and refusal to remove harmful content after actual notice. These allegations plausibly place Meta outside traditional Section 230 protections.

## IV.    PLAINTIFF SUFFICIENTLY ALLEGED PERSONAL JURISDICTION

Meta's reliance upon the prior Mississippi dismissal does not control this Court's jurisdictional analysis. California courts possess general jurisdiction over corporations headquartered in California. Meta maintains its principal place of business in California. Under Daimler AG v. Bauman, 571 U.S. 117 (2014), a corporation is generally subject to general jurisdiction where it is "at home," including its principal place of business. Meta is headquartered in Menlo Park, California. Accordingly, jurisdiction is proper in California.

Additionally, the Complaint satisfies specific jurisdiction standards under *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), *Calder v. Jones,* 465 U.S. 783 (1984); and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985). Plaintiff alleges that Meta intentionally directed

conduct toward Plaintiff through nationwide dissemination systems, recommendation algorithms, republication mechanisms, and monetized engagement practices.

The Complaint further alleges intentional tortious conduct, foreseeable injury to Plaintiff, continued publication after notice, monetization of harmful content, targeted recommendations; and substantial commercial activity connected to the forum. These allegations sufficiently establish minimum contacts and purposeful availment. Mississippi law likewise recognizes jurisdiction over nonresident defendants committing tortious acts affecting Mississippi residents. Miss. Code Ann. § 13-3-57 authorizes jurisdiction where a defendant commits a tort in whole or in part within Mississippi. The prior Mississippi dismissal therefore should not operate as a categorical shield against adjudication in California, where Meta indisputably maintains its principal place of business.

## V.    THE COMPLAINT PLAUSIBLY STATES CLAIMS UNDER CALIFORNIA AND MISSISSIPPI LAW

### A. Defamation and Republication

Under California law, republication of defamatory content may create liability where the defendant knowingly participates in dissemination. See Cal. Civ. Code §§ 44–46. Mississippi recognizes causes of action for defamation and false light invasion of privacy. See Miss. Code Ann. § 95-1-1. Plaintiff alleges that Meta knowingly republished, amplified, and promoted harmful content after actual notice.

### B. Negligence and Independent Platform Conduct

California law recognizes negligence claims arising from independent wrongful conduct separate from publication immunity. See Lemmon v. Snap, Inc. Plaintiff alleges negligent platform design, recommendation systems, amplification systems, and monetization structures.

## C. Unfair Business Practices

California's Unfair Competition Law prohibits unlawful, unfair, and fraudulent business practices. Cal. Bus. & Prof. Code § 17200. Plaintiff plausibly alleges that Meta profited from harmful engagement while refusing removal despite notice.

## VI.    DISMISSAL IS IMPROPER AT THE PLEADING STAGE

At this stage, Plaintiff need only allege plausible claims and jurisdictional facts. Plaintiff is not required to prove the case on the merits before discovery. Jurisdictional discovery is particularly appropriate where facts concerning Meta's algorithms, monetization systems, amplification mechanisms, moderation policies, and recommendation practices remain exclusively within Meta's possession and control. Even assuming jurisdictional defects existed elsewhere, transfer not dismissal would have been the appropriate remedy under 28 U.S.C. § 1406(a). and 28 U.S.C. § 1631. The federal courts strongly favor adjudication on the merits rather than dismissal based on technical pleading disputes.

## VII.   CONCLUSION

There lie over 97 filed lawsuits against Meta Platforms, Inc., in database of San Fransico Court that resulted into damages of separate victims. Prior to refile of this action there were settlement negotiations with the previous Attorney retained by Meta as relative to the claims asserted by Plaintiff. Plaintiff has plausibly alleged that Meta engaged in conduct extending beyond passive publication, including algorithmic amplification, recommendation, monetization, republication, and refusal to remove unlawful content after notice. Plaintiff has further alleged sufficient jurisdictional facts under California law, Mississippi law, and controlling Supreme

Court precedent. Construing all allegations in Plaintiff's favor, dismissal under Rule 12(b)(2) and Rule 12(b)(6) is improper.

**WHEREFORE,** Plaintiff respectfully requests that this Court DENY Defendant Meta Platforms, Inc.'s Motion to Dismiss, permit jurisdictional discovery if necessary, permit amendment of pleadings if required under Federal Rule of Civil Procedure 15(a), allow the action to proceed on the merits, and Grant such other and further relief as this Court deems just and proper.

This the ___ day of _____, 2026

Respectfully submitted,

Dr. Calvin Tyrone Norton Plaintiff, Pro Se
Post Office Box 1145
Whiteville, North Carolina 28472
910-918-2104
nortoncalvin@yahoo.com

## CERTIFICATE OF SERVICE

THIS SHALL CERTIFY that a copy of Plaintiff's Opposition Response was properly served to the Defendant Meta Platforms, Inc. by electronic email to the Counsel of the Record and by US Mail Service STAMPED POSTAGE to the party(ies) as follows:

MITCHELLE L. VISSER
Counsel for Meta Platforms, Inc.
405 Howard Street
San Fransico, CA 94105
mvisser@orrick.com
415-773-5518

This the ___ day of _____, 2026

Respectfully submitted,

Dr. Calvin Tyrone Norton Plaintiff, Pro Se
Post Office Box 1145
Whiteville, North Carolina 28472
910-918-2104
nortoncalvin@yahoo.com