Michelle L. Visser (State Bar No. 277509)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
mvisser@orrick.com
(415) 773-5518

Attorney for Defendant Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DR. CALVIN TYRONE NORTON,<br><br>                         Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., dba FACEBOOK,<br><br>                         Defendant. | Case No. 26-cv-02914<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: July 10, 2026<br>Time: 10:00 a.m.<br>Courtroom: A, 15th Floor<br>Judge: Alex G. Tse |

DEFENDANT META PLATFORMS, INC.'S REPLY ISO MTD

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................................... 1

II.   ARGUMENT ...................................................................................................................... 1

    A.    Plaintiff's Complaint Is Barred by Section 230(c)(1) of the Communications Decency Act ................................................................................ 1

    B.    The Complaint Fails to State a Claim ................................................................. 4

        1.    Plaintiff Has Abandoned His Claims for Invasion of Privacy, IIED, Tortious Interference, and Injunctive Relief ................................................. 4

        2.    The Complaint Fails to State a Claim for Defamation ............................... 4

        3.    Plaintiff's Attempt to Add New Claims in His Opposition Should Be Rejected ................................................................................................. 5

III.  CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Ct.*,
46 Cal. 4th 993 (2009) ...................................................................................................... 6

*Arres v. City of Fresno*,
No. 10-cv-1628, 2011 WL 284971 (E.D. Cal. Jan. 26, 2011) ...................................... 5

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) ................................................................................... 2, 3

*Brown v. Diaz*,
No. 17-cv-01157, 2020 WL 4755357 (E.D. Cal. Aug. 17, 2020) ................................. 5

*Caraccioli v. Facebook, Inc.*,
167 F. Supp. 3d 1056 (N.D. Cal. 2016) ....................................................................... 3

*Dyroff v. Ultimate Software Group, Inc.*,
934 F.3d 1093 (9th Cir. 2019) ..................................................................................... 2

*Fair Housing Council v. Rommates.com, LLC*,
521 F.3d 1157 (9th Cir. 2008) ..................................................................................... 2

*Faustino v. Alcon Lab'ys, Inc.*,
No. 15–cv-04145, 2015 WL 12839161 (C.D. Cal. Sep. 22, 2015), *aff'd sub
nom. Faustino v. Alcon Lab'ys, Inc.*, 692 F. App'x 819 (9th Cir. 2017) ..................... 6

*King v. Facebook, Inc.*,
572 F. Supp. 3d 776 (N.D. Cal. 2021) ......................................................................... 5

*Klem v. Access Ins. Co.*,
17 Cal. App. 5th 595 (2017) ......................................................................................... 6

*Lakireddy v. Soto-Vigil*,
No. A138675, 2014 WL 1478693 (Cal. Ct. App. Apr. 16, 2014) ................................ 4

*Lemmon v. Snap, Inc.*,
995 F.3d 1085 (9th Cir. 2008) ................................................................................... 2, 3

*Palce v. JP Morgan Chase Bank*,
No. 11-cv-2932, 2012 WL 12925102 (N.D. Cal. Jan. 11, 2012) ................................ 5

*Reaud v. Facebook Inc.*,
No. 23-cv-06329, 2024 WL 4126066 (N.D. Cal. Sep. 9, 2024) ................................... 3

DEFENDANT META PLATFORMS, INC.'S REPLY ISO MTD

*Tovar v. City of San Jose*,
No. 21-cv-02497, 2021 WL 6126931 (N.D. Cal. Dec. 28, 2021) ............................................ 4

*Tyler v. Travelers Com. Ins. Co.*,
499 F. Supp. 3d 693 (N.D. Cal. 2020) ............................................................................... 4

*V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*,
946 F.3d 542 (9th Cir. 2019) ............................................................................................ 4

**Statutes**

Bus. & Prof. Code § 17200 ....................................................................................................... 6

California's Unfair Competition Law ("UCL") .......................................................................... 6

Communications Decency Act Section 230(c)(1) ............................................................. 1, 2, 3

**Other Authorities**

Rule 12(b)(6) .............................................................................................................................. 5

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS COMPLAINT

Defendant Meta Platforms, Inc. ("Meta") respectfully submits this Reply Memorandum of Points and Authorities in further support of its Motion to Dismiss Plaintiff's Complaint (Dkt. No. 8) (the "Motion").

## I. INTRODUCTION

In its Motion, Meta explained that Plaintiff's Complaint is barred in its entirety by Section 230(c)(1) of the Communications Decency Act because Plaintiff's claims seek to hold Meta liable for information originating from third-party users of its services. Meta's Motion also explained that, even if Plaintiff's claims were not barred by Section 230(c)(1), they would still fail because the Complaint does not state a claim under any of the asserted legal theories.

In response, Plaintiff's Opposition merely repeats the Complaint's conclusory assertion that Section 230(c)(1) does not apply because Meta used an algorithm to "amplify, promote, and recommend" the third-party posts.  But the Opposition offers no support for this argument and simply ignores the multitude of cases cited in the Motion that have found that Section 230(c)(1) applies with full force to publications via the use of algorithms.

Moreover, the Opposition does not dispute that the Complaint fails to state a claim for (i) invasion of privacy; (ii) intentional infliction of emotional distress; or (iii) tortious interference with contract or prospective economic advantage.  Accordingly, those claims should be deemed abandoned and dismissed.  And the Opposition offers no meaningful response to Meta's arguments as to why his defamation claim fails.  Finally, the Opposition attempts to assert new claims against Meta for negligence and unfair business practices, but those claims are not properly before the Court because they were not alleged in the Complaint (and fail nonetheless).

Accordingly, the Complaint should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff's Complaint Is Barred by Section 230(c)(1) of the Communications Decency Act

In its Motion, Meta explained that Plaintiff's claims are barred by Section 230(c)(1) of the Communications Decency Act because they seek to hold Meta liable for its exercise of "traditional editorial functions" with respect to third-party content. *See* Mot. at 4-7.

DEFENDANT META PLATFORMS, INC.'S REPLY ISO MTD

Plaintiff's Opposition does not dispute that Meta established the first element of Section 230(c)(1)—namely, that Meta is an interactive computer service provider. The Opposition argues that Meta cannot establish the second element—*i.e.*, that the content at issue was provided by a third party—because Meta "materially contributed" to the content via the use of an algorithm. Opp. at 3. Specifically, Plaintiff reiterates the allegations from the Complaint that Meta "algorithmically amplified and recommended harmful publications," "targeted users through recommendation systems," and "continued republication after notice." *Id.*

Plaintiff's argument, however, wholly ignores the binding Ninth Circuit precedent cited in Meta's Motion, holding that a plaintiff cannot "plead around Section 230 immunity by framing" website features, including "algorithms," as "content." *Dyroff v. Ultimate Software Group, Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019); Mot. at 5-6. The Opposition similarly ignores all the other cases cited in Meta's Motion that have rejected the exact theory he advances here. *See* Mot. at 5-6. The only case that Plaintiff cites that analyzed whether an interactive computer service provider should be deemed to have contributed to the content at issue, such that Section 230 would not apply, did not involve algorithms and is inapposite. In *Fair Housing Council v. Rommates.com, LLC,* 521 F.3d 1157, 1172 (9th Cir. 2008), the Ninth Circuit held that Section 230 did not bar all discrimination claims against an online roommate-matching website provider, because the defendant required users to disclose their sex, family status and sexual orientation on their profiles. Because the defendant's website was "designed to force subscribers to divulge protected characteristics and discriminatory preferences," it was "'responsible, at least 'in part," for the content of the profile pages and so Section 230 did not apply. Here, by contrast, Plaintiff does not allege that Meta required any of the third-party users to create or post any of the content at issue.

Plaintiff's apparent attempt to argue that his claims do not treat Meta as a "publisher" of third-party content under Section 230 also fails. Again, neither of the cases he cites involves algorithms and neither helps him. In particular, neither *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009), nor *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2008), stands for the proposition that Section 230 does not apply if a plaintiff alleges that the defendant engaged in "independent conduct." Opp. at 4. If it did, Section 230 would almost never apply, as many core editorial

DEFENDANT META PLATFORMS, INC.'S REPLY ISO MTD

functions, such as "deciding whether to publish or to withdraw from publication third-party content," *Barnes*, 570 F.3d at 1102, necessarily involve "independent conduct."

To the contrary, both *Barnes* and *Lemmon* merely stand for the proposition that, in deciding whether a claim treats a defendant as a "publisher" under Section 230, "courts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *Barnes*, 570 F.3d at 1102;[1] *see also Lemmon*, 995 F.3d at 1092.[2] As the Ninth Circuit recognized in *Lemmon*, "[a] defamation claim"—like the one Plaintiff brings here—"is perhaps the most obvious example of a claim that seeks to treat a[n interactive computer service provider] as a publisher or speaker." 995 F.3d at 1091. And each of Plaintiff's remaining claims is similarly premised on Plaintiff's assertion that Meta had a duty to remove or refrain from amplifying the third-party content at issue. Each of his claims thus treats Meta as a publisher under *Barnes* and *Lemmon*. *See, e.g., Reaud v. Facebook Inc.*, No. 23-cv-06329, 2024 WL 4126066, at *5 (N.D. Cal. Sep. 9, 2024) (holding that claims based on Meta's alleged decision to recommend purportedly offensive content treated Meta as a publisher under Section 230); *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1066 (N.D. Cal. 2016) (holding that claims premised on Meta's alleged failure to remove purportedly objectionable third-party content treated Meta as a publisher under Section 230).

All three Section 230 requirements are met, and Plaintiff's Complaint is thus barred in its entirety by Section 230(c)(1).

---

[1] In *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009), the court held that Section 230 barred the plaintiff's negligent undertaking claim, but it did not bar her promissory estoppel claim because that claim was based on *a specific promise to the plaintiff*—made by Yahoo's director of communications—that she would personally remove objectionable content. *See id.* at 1099. The legal duty allegedly violated, accordingly, stemmed from the defendant's status "as a promisor who has breached." *Id.* at 1108. Plaintiff here does not assert a claim for promissory estoppel, nor does he allege any specific promise by Meta regarding the posts at issue.

[2] In *Lemmon*, the Ninth Circuit found that Section 230 did not bar a negligent design claim, where the plaintiffs alleged that, regardless of whether the users ever posted any content, the design of a social media smartphone application encouraged children to record themselves driving at dangerous speeds and thus caused a fatal car crash. *Id.* at 1089-90. Here, by contrast, Plaintiff does not advance a negligent design claim, and the claims he does bring are inextricably linked to content that third parties posted.

DEFENDANT META PLATFORMS, INC.'S REPLY ISO MTD

**B.      The Complaint Fails to State a Claim**

Meta's Motion also explained that the Complaint is subject to dismissal for the additional reason that each of Plaintiff's claims fails to state a plausible claim for relief.  *See* Mot. at 7-11. The Opposition does not make any meaningful arguments to the contrary.

1.      Plaintiff Has Abandoned His Claims for Invasion of Privacy, IIED, Tortious Interference, and Injunctive Relief

Plaintiff's Opposition does not respond to Meta's arguments with respect to his claims for (i) invasion of privacy; (ii) intentional infliction of emotional distress; (iii) tortious interference with contract or prospective economic advantage; or (iv) injunctive relief. Accordingly, those claims should be deemed abandoned and dismissed. *See, e.g., V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) ("[C]laims can be abandoned if their dismissal is unopposed.") (internal citation omitted); *Tovar v. City of San Jose*, No. 21-cv-02497, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28, 2021) ("By failing to respond to the City's arguments, Plaintiffs have conceded those arguments and have acknowledged that their . . . claims should be dismissed on those grounds."); *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020) ("As an initial matter, Plaintiff concedes these arguments by failing to address them in her opposition.").

2.      The Complaint Fails to State a Claim for Defamation

Plaintiff's Opposition offers only a cursory response to Meta's argument that the Complaint fails to state a claim for defamation. Without responding to any of the arguments or case law cited in Meta's Motion, Plaintiff's Opposition makes the conclusory assertion that "republication of defamatory content may create liability where the defendant knowingly participates in dissemination."  Opp. at 5. But Plaintiff fails to provide any explanation as to how the allegations in the Complaint, which do not allege that Meta played any active part in the publication of the at-issue Facebook posts, plausibly allege a claim for defamation. *See, e.g., Lakireddy v. Soto-Vigil*, No. A138675, 2014 WL 1478693, at *7 (Cal. Ct. App. Apr. 16, 2014) (stressing that "neither mere participation in an enterprise of which the publication was one part, nor mere distribution of a publication, nor mere financial contribution to a publication is sufficient" to establish liability for

- 4 -

defamation) (internal citations omitted). Because the Complaint does not allege that Meta played any role in creating the purportedly defamatory content, Plaintiff's claim for defamation fails. *See* Mot. at 7-8.

        3.    <u>Plaintiff's Attempt to Add New Claims in His Opposition Should Be Rejected</u>

Plaintiff's Opposition also purports to assert, for the first time, claims for negligence and unfair business practices against Meta. Because these claims were not asserted in the Complaint, they are not properly before the Court and they should not be considered. *See, e.g., Brown v. Diaz*, No. 17-cv-01157, 2020 WL 4755357, at \*15 (E.D. Cal. Aug. 17, 2020) (stressing that the plaintiff "cannot add new claims in his opposition that were not stated in his complaint"); *Palce v. JP Morgan Chase Bank*, No. 11-cv-2932, 2012 WL 12925102, at \*2 (N.D. Cal. Jan. 11, 2012) (holding that, to the extent the *pro se* plaintiff sought to add claims "by way of her opposition brief," any "such claims are not properly before it, since plaintiff has failed to allege them in her amended complaint"); *Arres v. City of Fresno*, No. 10-cv-1628, 2011 WL 284971, at \*18 (E.D. Cal. Jan. 26, 2011) ("[A] complaint is judged based on its allegations, not new facts or claims raised in [a Rule 12(b)(6)] opposition.").

But even if the Court could consider these newly asserted claims, they would not salvage Plaintiff's case against Meta because (1) Section 230 would similarly bar each of them, for all the reasons set forth in Meta's Motion and herein, Mot. at 4-7; *supra* Section II.A, and (2) they otherwise lack any legal or factual basis:

**Negligence**: Plaintiff's Opposition purports to assert a claim for negligence against Meta arising out of "independent wrongful conduct separate from publication immunity." Opp. at 5. But any claim for negligence would fail because Plaintiff does not and cannot allege that Meta owed him a duty. *See, e.g., King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 786 (N.D. Cal. 2021) (dismissing negligence claim where plaintiffs could not allege a "duty imposed by law," a duty "assumed by [Meta]," or a duty existing "by virtue of a special relationship") (internal citation omitted).

Moreover, to the extent Plaintiff is seeking to assert a claim for "negligent platform design" in connection with "recommendation systems, amplification systems, and monetization structures,"

DEFENDANT META PLATFORMS, INC.'S REPLY ISO MTD

Opp. at 5, Plaintiff fails to make any factual allegations to support this purported claim. *See, e.g., Faustino v. Alcon Lab'ys, Inc.*, No. 15–cv-04145, 2015 WL 12839161, at *5 (C.D. Cal. Sep. 22, 2015) (dismissing negligent design claim that was asserted "in a conclusory manner without alleging sufficient facts to support a plausible claim of relief"), *aff'd sub nom. Faustino v. Alcon Lab'ys, Inc.*, 692 F. App'x 819 (9th Cir. 2017).

**Unfair Competition Law:** Likewise, any claim brought under California's Unfair Competition Law ("UCL") would fail. The UCL bars any "business act or practice" that is (1) "fraudulent," (2) "unlawful," or (3) "unfair." Bus. & Prof. Code § 17200. To have standing to bring a UCL claim, a plaintiff must allege that they "lost money or property" as a result of the alleged misconduct. *Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Ct.*, 46 Cal. 4th 993, 998 (2009) (citing Cal. Bus. & Prof. Code § 17204). Here, any UCL claim would fail at the outset for lack of standing because Plaintiff has not alleged any specific monetary or property loss that resulted from Meta's purported failure to take down the at-issue posts. *See, e.g., Klem v. Access Ins. Co.*, 17 Cal. App. 5th 595, 625 (2017) (finding no standing to bring UCL claim where plaintiff alleged "generally that he suffered 'injury in fact and . . . lost money and property'" but did "not identify any specific economic injury").

Accordingly, each of Plaintiff's claims fails for the additional, independent reason that it fails to state a plausible claim for relief.[3]

**III.   CONCLUSION**

For the foregoing reasons, Meta respectfully requests that the Court dismiss the Complaint with prejudice.

---

[3] Plaintiff's Opposition also argues that the Complaint "sufficiently alleged personal jurisdiction," Opp. at 3-4, but Meta's Motion did not argue that this Court lacks personal jurisdiction over it.

DEFENDANT META PLATFORMS, INC.'S REPLY ISO MTD

Dated:  June 2, 2026

By: *Michelle L. Visser*

Michelle L. Visser
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
mvisser@orrick.com
(415) 773-5518

Attorney for *Defendant Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S REPLY ISO MTD