UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN NORTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORM, INC.,<br><br>　　　　Defendant. | Case No. 26-cv-02914-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 8 |

Calvin Norton's claims against Meta Platform, Inc., are barred by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1). The Court grants Meta's motion to dismiss.

In posts on Facebook, several third parties accused Norton of criminal activity and shared intimate images of him. Dkt. 1, Compl. ¶¶ 14–16. He alleges that Meta "recommended the content through its algorithm, amplified the content to target audiences, monetized engagement from the defamatory material, and continued distribution after notice of falsity." *Id.* ¶ 26. He brings claims against Meta for defamation, invasion of privacy, intentional infliction of emotional distress, "algorithmic amplification" liability, *id.* ¶ 104, and tortious interference with contract and prospective economic advantage.

Section 230 immunity applies "when three criteria are met": (i) the defendant is an

"interactive computer service" provider; (ii) the content at issue was provided by "another information content provider;" and (iii) the plaintiff's claims treat the defendant as the "publisher or speaker" of that content. *Rigsby v. GoDaddy Inc.*, 59 F.4th 998, 1007 (9th Cir. 2023). Each of these criteria is met here.

First, "Meta is an interactive computer service provider." *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024). Second, Norton alleges that third parties, not Meta, created the Facebook posts at issue; the third parties, not Meta, are the "information content provider[s]." *Rigsby*, 59 F.3d at 1007. Third, each of Norton's claims seek to treat Meta as a "publisher" of third-party content. *Id.* "A claim that obliges the defendant to monitor third-party content to avoid liability . . . treats the defendant as a publisher." *Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 640 (9th Cir. 2025) (citation modified).

Meta's "use of an algorithm to assist in its publishing functions does not take those actions outside the scope of its conduct as publisher so long as the algorithm is not assisting in the creation of content, which [Norton] does not allege is the case here." *Ligon v. Meta Platforms Inc.*, No. 25-CV-03959-RMI, 2026 WL 1146091, at *6 n. 5 (N.D. Cal. Apr. 28, 2026); *see also Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019) (holding that the defendant's use of algorithms to analyze user posts and to recommend user groups was immune under Section 230(c)(1); these "are tools meant to facilitate the communication and content of others. They are not content in and of themselves.").

Also, *Fair Housing Council v. Rommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008), a decision in which the Ninth Circuit held that Section 230 immunity didn't apply, is distinguishable and inapplicable. In *Fair Housing*, a roommate-matching website elicited allegedly unlawful content by requiring each subscriber to disclose his or her sex, sexual

orientation, and whether he or she would bring children to a household. *Id.* at 1161–62. Because the website "created the questions and choice of answers," the court concluded that the website was "undoubtedly the 'information content provider' as to the questions and can claim no immunity for posting them on its website, or for forcing subscribers to answer them as a condition of using its services." *Id.* at 1164. Here, by contrast, Norton doesn't allege that Meta required its third-party users to create or post any of the content at issue.

* * *

Section 230(c)(1) bars Norton's claims. Norton seeks leave to amend his complaint but hasn't explained how he could amend to avoid immunity. The Court will require Norton to file a motion for leave to amend if he intends to pursue his claims further. By July 31, 2026, he may move for leave to amend. With his motion, he must include a proposed amended complaint and articulate why the amendment wouldn't be futile. If he doesn't move for leave to amend by July 31, the Court will dismiss his complaint with prejudice.

**IT IS SO ORDERED.**

Dated: July 7, 2026

Alex G. Tse
United States Magistrate Judge

3