UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN NORTON,<br>Plaintiff,<br>v.<br>META PLATFORM, INC.,<br>Defendant. | Case No. 26-cv-02914-AGT<br><br>**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 21 |

In a proposed amended complaint, Calvin Norton has added breach-of-contract and negligent-misrepresentation claims. *See* Dkt. 22 ¶¶ 52–63. Both claims are too conclusory to move forward, but the Court will allow Norton to amend them once more.

The contract claim is insufficiently pled because Norton hasn't identified "the specific provision of the contract allegedly breached by the defendant." *King v. Facebook, Inc.*, No. 19-CV-01987-WHO, 2019 WL 6493968, at *2 (N.D. Cal. Dec. 3, 2019) (quoting *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016)). Norton alleges that Meta breached its "terms, policies, . . . [and] community standards," Dkt. 22 ¶ 53, but he doesn't identify a specific term or policy that Meta breached, as he must do.

Norton's negligent-misrepresentation claim is inadequately pled, too. Norton alleges

that Meta "failed to reasonably honor or implement" procedures it maintained for reviewing user-submitted reports of harmful Facebook content, *id.* ¶¶ 59, 62; but he doesn't identify what those procedures were, or how Meta failed to follow them. Meta's representation that it had procedures for reviewing harmful content "is too general [a promise] to be enforced." *Doe v. Grindr Inc.*, 128 F.4th 1148, 1154 (9th Cir. 2025).

Despite these shortcomings, Norton's contract and misrepresentation claims are not futile. Norton's original claims (e.g., claims for defamation and invasion of privacy) failed because they were based on Meta's status as a publisher of third-party content. Dkt. 19. "Congress enacted [47 U.S.C.] § 230 to protect internet-based publishers of third-party content from liability." *Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 640 (9th Cir. 2025).

Norton's contract and misrepresentation claims may avoid the same statutory bar. *See Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 743 (9th Cir. 2024) (holding that § 230 didn't defeat contract claims against Meta "arising from its promise to moderate third-party advertisements"); *Estate of Bride by & through Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1178 (9th Cir. 2024) (holding that § 230 didn't defeat misrepresentation claims that were predicated on specific promises rather than on a "failure to take certain moderation actions").

Because the contract and misrepresentation claims are not futile, the Court will allow Norton to amend them once more. Norton may file a second amended complaint by October 15, 2026. Meta must respond by October 29, 2026.

**IT IS SO ORDERED.**

Dated: September 24, 2026

Alex G. Tse
United States Magistrate Judge